UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In Re:                                                                                          Case No.:        1-11-40758-cec

STARBRITE PROPERTIES CORP.                                      Chapter 11
                                                    Debtor.
------------------------------------------------------------------------
    STARBRITE PROPERTIES CORP,                               Adv. Proc. No.:
                                                    Plaintiff,
                        vs.                                                                **VERIFIED COMPLAINT**

AIA CAPITAL, LLC
                                                    Defendants.
------------------------------------------------------------------------X

     Plaintiff, STARBRITE PROPERTIES, CORP., by its attorney PETER J. MOLLO, ESQ., complains of the Defendants, AIA CAPITAL, LLC as follows:

     1.     This is an adversary proceeding pursuant to 11 USC Section 105(a) for injunctive relief.

     2.     STARBRITE PROPERTIES CORP (hereinafter referred to as "Debtor"), the Debtor and Plaintiff in the above captioned matters, is a corporation doing business at 626 Flatbush Avenue, Brooklyn, New York 11225. Debtor owns and manages the property located at 626 Flatbush Avenue, Brooklyn, New York 11225 (hereinafter referred to as "the premises"), which is a single commercial real property. The premises is the sole real asset of the Debtor.

     3.     Debtor filed a Chapter 11 Bankruptcy petition in this court on February 1, 2011.

     A
plan is due by June 1, 2011 and as such has not been filed as of yet.

     4.     William Cordero (hereinafter referred to as "Cordero") is an individual doing business at 626 Flatbush Avenue, Brooklyn, New York 11225 and is the sole agent of the Debtor. He manages the daily operations of the Debtor.

5. AIA Capital, LLC (hereinafter referred to as "AIA"), the Defendant named herein, is a limited liability company having an office for the transaction of business c/o MMPC at 125-10 Queens Boulevard, Suite 222, Kew Gardens, New York 11415. AIA is a creditor holding a secured claim and listed in Schedule D of Debtor's petition as they are the present holder of the mortgage and promissory note for the premises.

6. As part of a construction and development loan transaction, Debtor received a line of credit from First American International Bank in the approximate amount of $500,000.00. Said debt was assigned to AIA. AIA has filed an action in the Supreme Court of the State of New York in the County of Kings captioned *AIA Capital LLC v Starbrite Properties,Corp. and William Cordero, Index Number 21283/10* based upon Debtor's default on the note and guarantee. AIA has moved for Summary Judgment against both the Debtor and Cordero. The judgment against Cordero is based on his execution of an allegedly valid personal guaranty of the aforementioned debt.

7. AIA filed a companion action, *AIA Capital LLC v Starbrite Properties, Inc. et al., Index No. 10301/2010* to foreclose on the premises.

8. Both actions filed by AIA are presently in dispute as Debtor and Cordero contend their default on payment of the accounts in question. The matters have yet to be argued and heard on merit. Furthermore, the debt and obligations will be satisfied within the reorganization plan submitted within the present action. Thus, any judgments obtained in connection with the underlying debt prior to the resolution of this Chapter 11 case would be nullified and vacated.

9. Pursuant to 11 USC Section 105(a) ,"[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." As such, Section 105 empowers the court to enjoin, at least preliminarily, a creditor from continuing an

action or enforcing a state court judgment against a non debtor in the interim of the filing of the petition and obtaining confirmation of a plan.

10. Cordero is the sole acting agent of the Debtor an there is no other person or entity able to perform his duties. His participation is thus absolutely necessary in creating and implementing the reorganization plan. He devotes all of his time to the management of Debtor and the time and finances spent defending the state court lawsuits have negatively impacted his ability to do so. In addition to disrupting the general business activities of the Debtor, AIA's lawsuits serve as a disruption to the efforts to prosecute the Chapter 11 plan to completion. "[C]ourts have granted injunctions, at least on a temporary basis, to restrain actions against a principal of the debtor upon a showing that the nondebtor's time, energy and commitment to the debtor are necessary for the formulation of a reorganization plan." In re Fowler Floor & Wall Covering Co., Inc., 93 B.R. 55, 57 (Bankr. M.D. Pa. 1988), quoting In re Monroe Well Service, Inc., 67 B.R. 746, 751 (Bankr. E.D. Pa. 1986). If AIA is enjoined from pursuing the action against Cordero, he can concentrate on the Debtor's reorganization efforts.

11. Cordero's credit and resources will affect the Debtor's ability to obtain future financing and engage in other regular business transactions. Therefore, judgments obtained against him personally will have a substantial and adverse impact on the Debtor's ability to successfully reorganize as it will negatively affect Cordero's resources. As such, failure to enjoin AIA would detrimentally influence the Debtor through Cordero causing irreparable harm. Said harm far outweighs any injury that granting an injunction will inflict on AIA in consideration of the fact that payments have been made on the accounts in question. Moreover, the accounts in question in AIA's state lawsuits will be satisfied within the Debtor's reorganization plan which will likely be successful given the present monthly revenue of the Debtor.

**WHEREFORE**, Plaintiff prays that this court issue an Order enjoining Defendants, AIA CAPITAL LLC, from pursuing any and all actions in any court against William Cordero personally in connection with the scheduled debt of the Debtor, namely *AIA Capital LLC v Starbrite Properties, Corp. and William Cordero, Index Number 21283/10* and *AIA Capital LLC v Starbrite Properties, Inc. et al., Index No. 10301/2010* filed in the Supreme Court of the State of New York and Count of Kings*,* pending the confirmation or denial of a reorganization plan in this action and for any such other and further relief as this Court may deem just and proper.

Dated:  Brooklyn, New York

March 2, 2011                                         s/ Peter J. Mollo

Peter J. Mollo, Esq.
PETER J. MOLLO, ESQ., P.C.
Attorney for Plaintiff/Debtor
266 Smith Street
Brooklyn, NY  11231
(718) 858-3401

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In Re:                                                                    Case No.:        1-11-40758-cec

STARBRITE PROPERTIES CORP.                                                Chapter 11

                                    Debtor.
-----------------------------------------------------------------------
 STARBRITE PROPERTIES CORP,                                               Adv. Proc. No.:
                                    Plaintiff,
                    vs.                                                   **VERIFICATION**

AIA CAPITAL, LLC
                                    Defendants.
------------------------------------------------------------------------X
STARBRITE PROPERTIES CORP., HEREBY DEPOSES AND SAYS :

1.    That we are the Plaintiff in the above-captioned matter; We have read the foregoing Complaint and know the contents thereof.  The contents of the Complaint are true to our knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.


                                                    ___s/William Cordero_____
                                                    STARBRITE PROPERTIES by:
                                                    William Cordero, President

Sworn to before me this _____
day of March 2011


_____
NOTARY PUBLIC